## Helen Ayresman, Plaintiff in Error, v. Modern Woodmen of America, Defendant in Error.

### Gen. No. 8,090.

FRATERNAL BENEFICIARY ASSOCIATIONS—*acceptance of premiums as not waiver of exemption of liability for death from hazardous employment.* A provision of a by-law of a fraternal society which exempts the society from liability on account of the death of the assured directly traceable to employment in a prohibited hazardous occupation does not make the society's acceptance of premiums with knowledge of the assured's engaging in such occupation a waiver of its exemption from liability on death from the prohibited occupation, although the society may be liable for death from a nonhazardous occupation.

Error by plaintiff to the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

O. R. MIDDLETON, F. K. LEMON and HERRICK & HERRICK, for plaintiff in error.

TRUMAN PLANTZ and GEORGE H. DAVIS, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Plaintiff in error brought her action against defendant in error on a benefit certificate issued by the latter to her husband, Loren V. Ayresman, on April 21, 1913. The certificate was in the sum of $3,000.00, and payable to plaintiff in error as beneficiary. Loren V. Ayresman on October 6, 1917, was killed in a railroad accident while he was acting as a railroad locomotive fireman.

The declaration avers the performance of all the terms, provisions and conditions of the certificate on the part of the insured and charges that the defendant is liable to the plaintiff in the sum of $3,000.00, with interest at the rate of five per cent from the date that notice and proofs of death were furnished it.

The questions in controversy on this appeal involve a special plea and two replications thereto. The trial court sustained demurrers to the replications of plaintiff and, the latter abiding by her replications, judgment was entered in favor of defendant. The special plea avers, in substance, that the contract entered into consists of the application, the by-laws and the benefit certificate; that the insured stated in his application that his occupation was that of farming; that he was not then engaged or employed as a railroad locomotive fireman, and that he would not thereafter, while a member of said society, engage in any of the prohibited occupations except at the same time recognizing the full force and effect of the society's by-laws limiting its liability upon the certificate of any member engaged in such occupations; that section 21 of the by-

laws provided as follows: "Section 21. Effect upon Benefit Certificate by Reason of Holder Thereof Being Engaged in, or Hereafter Engaging in, Hazardous Occupation—Engaging in, or entering on, or continuing in any of the occupations or employments enumerated in Section 19 of these by-laws, by any beneficial member of this society, heretofore, or hereafter admitted to such membership, shall totally exempt said society from any and all liability to such member, his beneficiary or beneficiaries, on account of the death of such member *directly traceable to employment in such hazardous or prohibited occupation,* except as provided in Section 58. This section shall not apply to a beneficial member who, under former by-laws holds a hazardous occupation certificate and continues to pay the hazardous rate therein prescribed, nor to a beneficial member whose hazardous or prohibited occupation, at the time he last engaged therein, was not classed as hazardous, nor as prohibited by the by-laws of this society. A person shall be held to be engaged in any of the hazardous or prohibited occupations in this chapter mentioned, whenever he, with or without compensation regularly, occasionally, or during any part of the year, performs any work or duties necessary or incident to said hazardous or prohibited occupation;" that subsequent to the issuance of said certificate the assured engaged in the occupation of railroad locomotive fireman and that his death was directly traceable to his employment in said occupation.

Each of the two replications to which demurrers were sustained, in substance avers that plaintiff is not precluded from maintaining her action because defendant had full knowledge that said insured was engaged in the business of a railroad locomotive fireman and with such knowledge collected and received a large sum of money, to-wit, $500.00, as monthly assessments and membership fees from the said insured and still retains said sum.

Ayresman v. Modern Woodmen of America, 246 Ill. App. 364.

Plaintiff in error contends that these replications present facts which constitute waivers of the provisions and conditions embodied in the application, by-laws and certificate, as set out in the plea. It is stated by counsel for plaintiff in error in their argument, that, "the only issue in this case is whether or not, under the law of this state, it is possible for the defendant in error to defeat the legal defense of waiver or of estoppel by adopting by-laws purporting to accomplish that result." We think counsel has misapprehended or misconceived the controlling facts presented by the plea. Defendant in error had a right by its by-laws, to limit the persons it would insure to those performing certain occupations and to exclude from its membership persons who, in its judgment, were employed in hazardous occupations. Among the persons excluded from its membership employed in hazardous occupations were those employed as railroad locomotive firemen. At the time this certificate of insurance was issued the assured was a farmer. Subsequently he changed his occupation to that of railroad fireman and by doing so he brought himself within the provisions of section 21 of the by-laws, set out in the plea. Under this section any member of the society who should, *after* the issuance of the certificate, engage or enter upon the occupation of railroad locomotive fireman, would not thereby exempt the society from any and all liability to such member, but only from liability for the death of such member directly traceable to the employment in such hazardous or prohibited occupation. In other words, the policy remained in full force and effect and the society remained liable to the beneficiary if the assured should die by any other means than that traceable to the prohibited hazardous occupation. The contract of insurance did not prohibit him from changing his occupation to that of railroad locomotive fireman, but only

provided that if he did so and his death was caused by such occupation, the society would not be liable thereunder.

This same question was before us in the case of *Crowe v. Modern Woodmen of America,* 221 Ill. App. 668, and we there held: "Under these circumstances the doctrine of estoppel or waiver contended for by appellant can have no application because at the time Crowe changed his occupation and during all the time he remained locomotive engineer, which was until his death, no by-law existed which appellee could waive and thus inject vitality into the certificate. Crowe had a right under the by-law that existed at the time he changed his occupation to engage in a prohibited hazardous occupation, and his certificate would remain in full force and effect as to all causes of death except those directly traceable to such hazardous occupation and the acceptance of his dues by the local lodge did not waive any rights of appellee which are involved in this case."

We still think we were correct in the conclusions expressed in the *Crowe* case, *supra,* and that the trial court did not err in sustaining the demurrers to the replications in the case at bar, therefore the judgment of the circuit court is affirmed.

*Affirmed.*